**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**UNITED STATES OF AMERICA,**

     **Plaintiff,**

**vs.**                               **Case No. 4:06cv241-RH/WCS**

**JEFFREY G. PETERS,**

     **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case on May 18, 2006, by filing a complaint against the Defendant, Jeffrey G. Peters, and seeking to obtain a judgment on a student loan.  Doc. 1.

**Allegations of the Complaint, doc. 1**

On September 14, 1987, Defendant executed a promissory note to secure a student loan of $38,438.88 from Student Loan Marketing Association with an annual interest rate of nine percent.  Doc. 1, Exhibits A, B.  Defendant's loan obligation was guaranteed by the Great Lakes Higher Education Guaranty Corporation and reinsured by the Department of Education (hereinafter "Department").  Doc. 1, Ex. A.  Defendant defaulted on his obligation to repay the loan on December 6, 1995, and the holder filed

a claim on the guarantee.  *Id.*  The "guaranty agency paid a claim in the amount of $51,846.16 to the holder."  *Id.*  The Department then reimbursed that amount to the guarantor and the guarantor unsuccessfully attempted to collect the debt from the borrower.  *Id.*  On October 28, 1999, the guarantor "assigned its right and title to the loan(s) to the Department."  *Id.*  The Department has not received any payment and as of April 4, 2006, Defendant owed the United States $98,046.69 representing principal ($52,846.16) and interest ($46,200.53) accruing at the rate of $12.75 per day.  Doc. 1, ex. A.

**Procedural History**

The parties failed to file a Joint Rule 26 Report in accordance with the Initial Scheduling Order, doc. 5, and were ordered to file notices indicating the status of this case.  Doc. 7.  On the same day that Order was entered, Plaintiff filed a unilateral Rule 26 Report, indicating that although the parties had not met and conferred, the issue in this case would be whether or not Defendant's bankruptcy discharged the student loan. Doc. 6.  Defendant's *pro se*[1] Answer to the complaint asserts it was discharged, doc. 4, but Plaintiff disagrees.

Plaintiff filed an amended summary judgment motion (replacing the initial summary judgment motion which had been filed earlier that same day), docs. 8 and 9, and Defendant was advised to file his opposition on or before January 5, 2007.  Doc. 10.  A few days later, Plaintiff filed an addendum, doc. 11, to the amended summary judgment motion.  A status report, doc. 12, was also jointly filed by the parties.

---

[1] Defendant is an attorney licensed in the State of Florida representing himself. See doc. 4.

In the addendum, Plaintiff advised that a statement made in the amended summary judgment motion might not be entirely accurate.  Doc. 11.  Plaintiff reported:

> On the list of creditors in the bankruptcy case, defendant listed a debt to "UNIPAC c/o Payco General."  In its amended motion for summary judgment, the government alleged that the loan from Payco General was distinct from the loan at issue.  That may not be accurate.

Doc. 11, p. 1.  Since filing the amended summary judgment motion, Plaintiff learned that the original guarantor of Defendant's student loan was Great Lakes Higher Education Corp., with the "ultimate guarantor" being the United States Department of Education. *Id.*  Payco may have been a servicing collector for Great Lakes, but Payco was not a creditor.  *Id.*  At the time the Bankruptcy petition was filed by Defendant, Great Lakes had the loan.  Doc. 11, p. 1.  Neither Great Lakes nor the Department of Education were listed as "creditors" by Defendant in the bankruptcy case, although Defendant listed Payco in the petition.  *Id.*

Moreover, Plaintiff argues that under federal law, a debtor must "demonstrate undue hardship" to have a student loan discharged.  *Id.*, at 2, citing 11 U.S.C. § 523(a)(8).  Thus, according to Plaintiff, "regardless of whether Great Lakes or the Department of Education were listed," Defendant's student loan was not discharged because the Defendant neither "claimed undue hardship" nor was an order entered "finding undue hardship."  *Id.*, at 2.

In the joint status report, doc. 12, the parties note there are two existing disputes: first, whether the student loan was discharged and, second, if not discharged, the outstanding amount of the loan is contested.  *Id.*, at 1.  Defendant has not made loan

payments based on his belief that the student loan debt was discharged.  *Id.*, at 2.  The

report makes the following statements:

> 3.  <u>Issues remaining</u>.  There are two questions requiring resolution.
> First, is whether the loan was discharged or survived the bankruptcy.  The
> text of the order discharging the debtor is short but not entirely clear,
> particularly to those unfamiliar with bankruptcy matters.  Defendant
> understands the government's position but insists his bankruptcy attorney
> advised otherwise, so he is unwilling at this time to concede that the loan
> survived the bankruptcy.  What may be needed is a clarification or
> explanation of the effect of the bankruptcy order from either this Court or
> the Bankruptcy Court.
>
> If it is confirmed that the loan survived, the next issue is the amount of
> damages.  Defendant requested further documentation from DOE. According to
> DOE personnel, DOE has received no payments.  The transfer of the loan from
> Great Lakes included notations that defendant paid a total $2,073 toward the
> loan.  DOE will attempt to obtain documentation from Great Lakes but are
> doubtful if such records still exist.
>
> 4.  <u>Possible resolutions</u>.  Neither party believes a trial on the merits is
> warranted.  The parties disagree on whether the loan survived.  An explanation
> of the bankruptcy order may be helpful to resolve this question.  As to the amount
> of damages, defendant has requested more documentation beyond the
> "Certificate of Indebtedness" attached to the complaint, however, there may not
> be any additional documentation.

Doc. 12, pp. 2-3.

After the joint status report, doc. 12, was filed, a second order was entered giving

Defendant until January 12, 2007, to respond to the amended summary judgment

motion.  Doc. 13.  A few days before that deadline, Defendant filed a motion for an

enlargement of time.  Doc. 14.[2]  The motion for an extension of time was granted and

---

[2] Defendant indicated he had previously "mailed a Motion for Extension of Time
on December 6th to the Office of the Clerk."  Doc. 14, p. 1.  Defendant stated he wished
to renew the motion and said he was including the prior motion.  *Id.*  The prior motion
referenced, however, had not been received by the Clerk's office nor was it provided
with the "renewed" motion.  Nevertheless, Defendant's motion for more time was
granted.  Doc. 15.

Defendant ordered to file his opposition to summary judgment on or before February 5, 2007.  Doc. 15.  As of this deadline, Defendant has not filed any response in opposition to summary judgment.  Defendant has had three separate orders entered directing his response, and advising him of the need to file a response.  Each time a subsequent order was entered, Defendant was given more time to respond.  Docs. 10, 13, and 15.

One additional point should be noted before considering the merits..  In the last motion for an enlargement of time, Defendant stated that "[t]he parties have sought a clarification from the Court on" the issues concerning whether or not the student loan was discharged.  Doc. 14, p. 2.  Defendant wanted to delay filing his response to the Motion for Summary Judgment "until after the issues referenced above [were] resolved." *Id.*  No motion for clarification has been filed in this case.  Further, as to the pivotal issue (whether or not the student loan was discharged in bankruptcy), I advised:

> . . . because that question is a question of law, this case will likely end at the summary judgment stage.  It is up to the parties to present the evidence relevant to that question.  This Court cannot provide Defendant with an advisory opinion as to this question, and more so, cannot rule on this issue without the presentation of evidence and relevant documents. Plaintiff has provided some evidence and argument supporting the Government's position.  Docs. 9, 11.  It is now up to Defendant to submit his evidence and his argument.

Doc. 15, p. 4.  Defendant has not filed any opposition to Plaintiff's amended motion for summary judgment.  Thus, Plaintiff's evidence and arguments are undisputed.

**Legal standards governing a motion for summary judgment**

A Plaintiff may move for summary judgment on all or any part of the claim, with or without supporting affidavits.  FED. R. CIV. P. 56(a).  Judgment should be rendered if the pleadings, "together with the affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to a judgment as a matter of law."

FED. R. CIV. P. 56(c).  An issue of fact is "material" if it could affect the outcome of the

case.  Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259 (11th Cir.

2004) (citations omitted).  All reasonable inferences must be resolved in the light most

favorable to the nonmoving party.  Watkins v. Ford Motor Co., 190 F.3d 1213, 1216

(11th Cir. 1999).

Under Rule 56(e), the nonmoving party must go beyond the pleadings and show

through Rule 56 evidence that there is a genuine issue for trial.  Owen v. Wille, 117 F.3d

1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998), *quoting* Fed. R. Civ. P.

56(c), (e).  The nonmoving party need not produce evidence in a form that would be

admissible as Rule 56(e) permits opposition to a summary judgment motion by any of

the kinds of evidentiary materials listed in Rule 56(c).  Owen, 117 F.3d at 1236.

Included within the amended summary judgment motion is Plaintiff's statement of

facts.  Doc. 9.  Plaintiff did not provide "a separate, short and concise statement of the

material facts as to which" Plaintiff contends there is no genuine issue to be tried.  *See*

N.D. Fla. Loc. R. 56.1(A).  Nevertheless, Plaintiff has provided a statement of the

"factual background" of this case.  Doc. 9.  The facts from Plaintiff's statement are

"deemed to be admitted" as they have not been controverted by Defendant.

**Facts and Rule 56 evidence**

On September 14, 1987, Defendant executed a promissory note to secure a

student loan of $38,438.88 from Student Loan Marketing Association with an annual

interest rate of nine percent.  Doc. 9, p. 1; attachment; *see also* Doc. 1, Ex. B.

Defendant's loan obligation was guaranteed by the Great Lakes Higher Education

Guaranty Corporation and reinsured by the Department of Education (hereinafter "Department").  Doc. 9, p. 1.  Defendant defaulted on the loan.  Doc. 9, p. 1.  The Department reimbursed the guarantor and was assigned the loan.  *Id.*  No payments have been received from Defendant since receipt of the assignment.  *Id.*  As of April 4, 2006, the Department was owed $98,046.69 representing principal and interest accruing at the rate of $12.75 per day.  Doc. 9, p. 1.

When Defendant filed his Bankruptcy petition, he listed two student loans on his Schedule F list of creditors: (1) a 1980 debt to "EDUSERVE Tech" in the amount of $1,380.00 and (2) a January, 1987 debt to "UNIPAC c/o Payco General" in the amount of $66,439.00.  Doc. 9, attachment, pp. 5, 7.  The Payco loan listed by Defendant was listed as having been incurred "in January[,] 1987 in the amount of $66,439."  Doc. 9, p. 2.  Defendant's student loan at issue in this case "was not ordered discharged."  *Id.*

**Analysis**

Federal law provides that to discharge a debt, a debtor must list the debt within the bankruptcy petition and the creditor must be given notice of the bankruptcy.  11 U.S.C. § 521(1).  A bankruptcy discharge "does not discharge an individual debtor from any debt" that was "neither listed nor scheduled under § 521 (a) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed . . . unless such creditor had notice or actual knowledge of the case . . . . ."  11 U.S.C. § 523(a)(3).  There is no evidence before this Court to show that Defendant listed the September, 1987, student loan debt from Student Loan Marketing Association (or Great Lakes Higher Education Guaranty Corporation *or* the Department of Education, both of whom guaranteed the loan) in his Bankruptcy list of creditors.  Indeed, the student loan debt

identified as "UNIPAC c/o Payco General" may be a distinct and different loan from

Student Loan Marketing Association as it was made eight months before the federally

guaranteed loan at issue here.  Furthermore, the amount of the UNIPAC or Payco

General loan was for "66,439" which is considerably more that the original $38,438.88

student loan.

Therefore, the debt at issue in this case could not have been discharged in the

bankruptcy proceeding absent actual knowledge of the creditor.  11 U.S.C. § 523(a)(3).

Plaintiff has demonstrated that the Government was not notified of the bankruptcy.

Doc. 9.  Defendant has not provided any evidence to the contrary.

Moreover, when Congress enacted the Bankruptcy Reform Act of 1978, it

restricted the dischargeability of student loans and educational debts which had

previously been fully dischargeable.  Now, a student loan is not normally dischargeable

in bankruptcy.  11 U.S.C.§ 523(8).  Section 523(8) provides that a bankruptcy petition

"does not discharge an individual debtor from any debt" that was

> . . . for an educational benefit overpayment or loan made, insured or
> guaranteed by a governmental unit, or made under any program funded in
> whole or in part by a governmental unit or nonprofit institution, or for an
> obligation to repay funds received as an educational benefit, scholarship
> or stipend, unless excepting such debt from discharge under this
> paragraph will impose an undue hardship on the debtor and the debtor's
> dependents;

11 U.S.C. § 523(8).  Therefore, the only exception in bankruptcy that will allow a debtor

to discharge a student loan debt is by "showing that 'excepting such debt from

discharge . . . will impose an *undue hardship* on the debtor.' " In re Cox, 338 F.3d 1238,

1242 (11th Cir. 2003), *cert. denied*, 541 U.S. 991 (2004).  It is undisputed that the debt

at issue here was for an educational loan which was guaranteed by a governmental

department.  Defendant has not demonstrated that he argued that excepting this debt would impose an "undue hardship" on him as required by statute,[3] or that this particular student loan debt was even before the Bankruptcy court.  Accordingly, because the sole evidence is that Defendant's student loan from Student Loan Marketing Association was not listed or identified as a creditor in the bankruptcy proceeding and that the Department of Education as a guarantor of the loan lacked actual knowledge, summary judgment should be granted in favor of Plaintiff.

Plaintiff requested that summary judgment be granted in its favor "in the amount of $51,846.16 (principal) and $46,200.53 (accrued interest) for a total debt as of April 4, 2006, of $98,046.69."  Doc. 9, p. 4.  Alternatively, Plaintiff sought summary judgment solely on the issue of liability and requested an opportunity "to submit further documentation concerning the issue of damages."  *Id.*  The alternative request should be granted since liability has been established but no current computation has been provided as to the amount of damages (with accumulated interest) since April of 2006.

_____

[3] "Undue hardship" is not defined by the statute and, thus, varies in definition and applicable test around the nation.  In re Faish, 72 F.3d 298, 302 (3d Cir. 1995).  The Eleventh Circuit has adopted the "*Brunner*" [Brunner v. New York State Higher Education Services Corp., 831 F.2d 395 (2d Cir. 1987) (*per curiam*)] test from the Second Circuit which requires three showings: (1) that based on current income and expenses, the debtor could not maintain a "minimal" standard of living if forced to repay the student loan; (2) that the debtor's state of affairs is "likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans."  In re Cox, 338 F.3d at 1241 (adopting the *Brunner* test and explaining "undue hardship" as not simply meaning an "inability to pay, but an inability to pay that is likely to continue for a significant time.").

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended summary judgment motion, doc. 9, be **GRANTED** as to the issue of liability, and this case **REMANDED** for further proceedings as to the amount of damages.

**IN CHAMBERS** at Tallahassee, Florida, on August 17, 2007.


s/   William C. Sherrill, Jr.
WILLIAM C. SHERRILL, JR.
UNITED STATES MAGISTRATE JUDGE


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**